IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MDL CAPITAL MANAGEMENT, INC., ET AL.,

      Plaintiffs,                                 05cv1396

v.                                   **Electronically Filed**

FEDERAL INSURANCE COMPANY, ET AL.,

      Defendants.

### Order of Court

Currently pending before this Court in this insurance coverage dispute is plaintiffs' second motion to amend the complaint (doc. no. 60). Almost three months after the deadline for amendments to pleadings (January 3, 2006), and approximately five weeks before the discovery deadline (May 2, 2006), plaintiffs are now attempting to amend their complaint for a second time, and are asking this Court to grant their belated effort to add a count for bad faith against the only remaining defendant in this litigation, Federal Insurance Company (Federal). The Court notes that on January 25, 2006, plaintiffs filed an unopposed, but still untimely, motion to amend their complaint (doc. no. 43), which this Court granted. However, unlike the former motion to amend, Federal strenuously opposes the instant motion and argues *inter alia* that to allow such an untimely and "unfounded" motion to amend would greatly prejudice its ability to prepare a defense because the discovery period is nearing a close, and that plaintiffs have failed to pinpoint any "new" evidence which would necessitate adding a new claim at this late date.

After reviewing plaintiffs' proposed second amended complaint, along with their alleged justifications for why this Court should grant them permission to file such an amendment, this Court agrees with Federal that it would be unduly prejudiced in its ability to conduct adequate discovery on this bad faith claim. Further, this Court finds that plaintiffs have failed to allege

any justifiable reason for their delay in bringing this claim. Rather, it appears that plaintiffs' motion to add this new claim may be the result of some dilatory motive or a tactical decision to attempt to gain some additional leverage in this litigation.

While motions for leave to amend are to be liberally granted, "grounds that could justify a denial of leave [include] undue delay, bad faith, dilatory motive, [and] prejudice." *General Refractories, Co. v. Firemen's Fund Insurance Co.*, 337 F.3d 297, 309 (3d Cir. 2003)(quoting *Shane v. Fauver*, 213 F.3d 113, 115-16 (3d Cir. 2000)). Because defendants will be prejudiced in their ability to take discovery on this issue within the remaining discovery time frame, and because plaintiffs have failed to allege with any specificity what additional facts have come to light to support their belated request to add this claim, this Court will DENY plaintiffs' second motion to amend the complaint.

SO ORDERED this 23rd day of March, 2006.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:    All counsel of record as listed below

Edward W. Diggs, Esquire
James S. Malloy, Esquire
Joseph L. Luciana, Esquire
Kirkpatrick & Lockhart Nicholson Graham
535 Smithfield Street
Henry W. Oliver Building
Pittsburgh, PA 15222-2312

Lawrence J. Bistany, Esquire
Celestine M. Montague, Esquire
White and Williams LLP
1800 One Liberty Place
Philadelphia, PA 19103

Dennis St. John Mulvihill, Esquire
Robb Leonard Mulvihill
2300 One Mellon Center
Pittsburgh, PA 15219

Daniel J. Standish, Esquire
Mary E. Borja, Esquire
Kimberly M. Melvin, Esquire
WILEY REIN & FIELDIG LLP
1776 K Street, NW
Washington, DC 20006