IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MDL CAPITAL MANAGEMENT, INC., ET AL.,

        Plaintiffs,                              05cv1396

    v.                                   (Consolidated with 06cv0389)

                                       **Electronically Filed**

FEDERAL INSURANCE COMPANY, ET AL.,

        Defendants.

Memorandum Order

This is a breach of contract action.  Plaintiffs allege that defendant Federal Insurance

Company (Federal) breached an insurance policy provided by Federal to plaintiffs when it failed

to pay the costs of defense and/or indemnify plaintiffs in litigation pending against them in Ohio.

Plaintiffs further seek a declaration that Federal must defend and indemnify plaintiffs for liability

arising from the Ohio litigation.[1]  Plaintiffs also brought a bad faith claim against Federal at a

separate civil action number (06-cv-389), and following a status conference on June 5, 2006, that

case was subsequently consolidated with the instant action.  During the pendency of the bad faith

action (06-cv-389), Federal filed a rescission counterclaim seeking to rescind the insurance that

is the subject of plaintiffs coverage lawsuit.  Federal now asks this Court to rule upon its

counterclaim in a bench trial before addressing the coverage issues.

In plaintiffs' brief in support of their right to a jury trial on the rescission counterclaim,

plaintiffs cite to numerous cases both within and without this Circuit for the proposition that a

right to a jury trial exists for a claim of rescission of an insurance policy based upon alleged

misrepresentations.  This Court finds these cases to be compelling.  *See Justofin v. Metro Life*

---

[1]Plaintiffs also brought claims against American International Specialty Lines (AISLIC),
however, on January 20, 2006, plaintiffs filed a stipulation of dismissal with prejudice following
settlement of their claim against AISLIC.  (Doc. No. 42).

*Ins. Co.*, 372 F.3d 517 (3d Cir. 2004)(holding whether policy was void due to alleged

misrepresentations was a jury issue); *In re Ben Cooper, Inc.,* 896 F.2d 1394 (2d Cir. 1990);

*Ettelson v. Metro. Life Ins. Co.,* 137 F.2d 62 (3d Cir. 1943).

In *Ettelson*, the plaintiffs filed suit in state court seeking payment under four life

insurance policies issued by the defendant.  The case was then removed to federal court, and the

defendant filed an answer and counterclaim seeking cancellation and rescission of the policies

based upon alleged fraud in procuring them.  The plaintiffs filed a jury demand and the trial court

stayed the coverage action until the rescission counterclaim was decided.  The plaintiffs then

appealed the decision of the district court, and the United States Court of Appeals for the Third

Circuit reversed, holding that the rescission counterclaim was essentially a defense to plaintiffs'

action at law and therefore should have been decided by a jury.

Although Federal claims that the rescission counterclaim is an equitable one, the Court in

*Ettelson* specifically stated that absent special circumstances, "fraud in the procurement of

insurance is provable as a defense in an action at law upon the policy, resort to equity being

unnecessary to render that defense available."  *Id.* at 65. (other citations omitted).  The holding in

*Ettelson* although somewhat antiquated, still remains good law.

Here, in Federal's prayer for relief on its counterclaim, Federal asks the Court to rule that

it has "no obligations" to plaintiffs under insurance that is directly at issue in the underlying suit.

This Court views the rescission counterclaim as a legal claim which is provable as a defense in

the action at law, and accordingly, because the underlying breach of contract action may be heard

by a jury, so too shall Federal's counterclaim be submitted to a jury.

The Court will determine at a later date, closer to trial, whether Federal's rescission

counterclaim will be tried simultaneously with the breach of contract action or separately (either

before or after main case).  Additionally, this Court will stay the bad faith claim pending

resolution of the underlying breach of contract/coverage action.

SO ORDERED this 20th day of June, 2006.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge


cc:      All counsel of record