IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MDL CAPITAL MANAGEMENT, INC., ET AL.,

      Plaintiffs,

v.

FEDERAL INSURANCE COMPANY, ET AL.,

      Defendants.

05cv1396
(Consolidated with 06cv0389)
**Electronically Filed**

### Order of Court

Pending before this Court is plaintiffs' motion for reconsideration of this Court's Memorandum Opinion and Order granting summary judgment in favor of defendants (doc. no. 151).

Pursuant to Fed. R. Civ. Pro. 59(e), a motion for reconsideration will only be granted if: (1) there has been an intervening change in controlling law; (2) new evidence, which was not previously available, has become available; or (3) it is necessary to correct a clear error of law or to prevent manifest injustice.  *Reich v. Compton*, 834 F.Supp. 753, 755 (E.D.Pa.1993) (citing *Dodge v. Susquehanna Univ.*, 796 F.Supp. 829, 830 (M.D.Pa.1992)), *aff'd in part, rev'd in part*, 57 F.3d 270 (3d Cir.1995).  Motions for reconsideration should not, however, relitigate issues already resolved by the Court.  *Compton,* 834 F.Supp. at 755.

In the instant motion, plaintiffs ask this Court to reconsider its prior rulings on summary judgment and in support thereof, plaintiffs simply attempt to recast the same argument, which they advanced in their motion for summary judgment - - that "this Court must construe the [Broad] Fund Exclusion based upon the doctrine of the reasonable expectations of the insured." (Doc. No. 145. At 11-12).  Plaintiffs cite *UPMC Health System v. Metropolitan Life Ins. Co.,* 391

F.3d 497 (3d. Cir. 2004), in support of their position.

In its Memorandum Opinion on Summary Judgment, this Court addressed the reasonable expectations doctrine and explained that pursuant to the most recent controlling applicable authority on the issue, "the reasonable expectations doctrine 'is only applied in very limited circumstances to protect non-commercial insureds from policy terms not readily apparent and from insurer deception.'" (Doc. No. 147)(quoting *Canal Ins. Co. v. Lloyd's London,* 435 F.3d 431, 440 (3d Cir. 2006)).

Based upon the prior filings by plaintiffs, the Court was and is well-aware of the *UPMC* case. However, this Court did not cite that case as relevant authority in its Memorandum Opinion on Summary Judgment because it found it to be inapposite. Nothing that plaintiffs have stated in their motion for reconsideration has convinced this Court that it erred in applying the *Canal Ins. Co.* decision.

Since plaintiffs have cited no new applicable law which would undermine this Court's reliance on *Canal Ins. Co.,* they have cited no newly available evidence, and they have failed to demonstrate that reconsideration is warranted to correct errors of law, fact, or to prevent a manifest injustice, plaintiffs' motion for reconsideration (doc. no. 151) is DENIED.

SO ORDERED this 15th day of November, 2006.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All counsel of record